UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-8032-DMG (DSRx)** | Date | October 7, 2026 |
| Title | ***Aaron Rene Navarro Zepeda v. General Motors, et al.*** | Page | **1** of **3** |

| | |
|---|---|
| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [10]**

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2026, Plaintiff Aaron Rene Navarro Zepeda ("Zepeda") filed a Complaint in the Superior Court of California, County of Los Angeles, against Defendant General Motors LLC ("GM"). Notice of Removal [Doc. # 1 ("NOR")], Exhibit A [Doc. # 1-2 ("Compl.")]. Zepeda alleges three causes of action under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"): (1) breach of express warranty; (2) breach of implied warranty; and (3) violation of California Civil Code section 1793.2(b). *See* Compl. ¶¶ 21–62. The Complaint arises out of GM's alleged warranty and repair obligations for a 2025 Chevrolet Traverse ("Subject Vehicle") that Zepeda purchased on May 31, 2025, for $71,720.88. *Id.* ¶ 8. Zepeda seeks, *inter alia*, damages, rescission of the purchase contract, civil penalties in the amount of two times Plaintiff's actual damages, and reasonable attorneys' fees and costs. *See id.*, Prayer of Relief.

After Zepeda served the Summons and Complaint on June 22, 2026, GM removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. section 1332(a). NOR at 2.[1] On August 20, 2026, Zepeda filed a Motion to Remand the action back to state court. [Doc. # 10 ("MTR").] The MTR is fully briefed. [Doc. ## 11 ("Opp."), 12 ("Reply").] The Court finds this matter suitable for decision without a hearing. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having duly considered the parties' written submissions, the Court **DENIES** Plaintiff's MTR for the reasons discussed below.

[1] All page references herein are to page numbers inserted by the CM/ECF system.

## II. LEGAL STANDARD

Under 28 U.S.C. section 1332, a district court has original jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). In a case that has been removed from state court, the defendant "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). The removal statute, 28 U.S.C. section 1441(a), is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

## III. DISCUSSION

Zepeda does not challenge complete diversity, nor does the Court have reason to doubt that complete diversity is satisfied here. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("[E]ach defendant must be a citizen of a different state from each plaintiff.") GM's principal place of business is in Michigan and is incorporated under the laws of Delaware, while Zepeda is a citizen of California. NOR at 3; Compl. ¶ 2.

Instead, Zepeda contends GM failed to carry its burden to show that the amount in controversy exceeds $75,000. *See generally* MTR. If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," then the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Courts may consider the complaint, facts in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted).

According to the Complaint, Zepeda purchased the Subject Vehicle for $71,720.88. Compl. ¶ 8. Based on GM's preliminary investigation, it estimates $7,361.00 in total deductions "including estimates of statutorily required deductions for mileage offset [], third-party service contracts, manufacturer's rebate, and negative equity." NOR at 5. Thus, GM estimates actual

damages are $64,359.88. *Id.* Since Zepeda seeks civil penalties in the amount of two times actual damages, GM asserts there is at least $193,079.64 in controversy. Opp. at 6, 10. Zepeda's sole argument against GM's calculation is that GM failed to provide "case-specific facts demonstrating that a civil penalty is available or that the maximum penalty is reasonably in controversy." Reply at 3. Zepeda's argument is unavailing.

In calculating the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The Court looks to the amount that Plaintiff's Complaint puts "in controversy," rather than what GM will "*actually* owe." *Id.* Under the Song-Beverly Act, a plaintiff may recover actual damages and "a civil penalty which shall not exceed two times the amount of actual damages," if the plaintiff can establish that the defendant's violation was willful. Cal. Civ. Code § 1794(c). Courts regularly include civil penalties under the Song-Beverly Act in calculating the amount in controversy.[2] *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (likening civil penalties under the Song-Beverly Act to punitive damages, which are typically included in calculating the amount in controversy); *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1003–04 (C.D. Cal. 2021) (same). Here, Zepeda alleges that GM "willfully violated the Song-Beverly Act" and he is therefore entitled to a civil penalty of up to two times the amount of actual damages. Compl. ¶¶ 35, 62; *see also id.*, Prayer of Relief ¶ 5. Based on the estimated actual damages and civil penalties alone, the amount in controversy well exceeds the jurisdictional threshold.[3]

Accordingly, GM's removal of the action to this Court was proper.

## IV. CONCLUSION

In light of the foregoing, the Court **DENIES** Zepeda's MTR. The hearing set for October 9, 2025 is hereby **VACATED**.

**IT IS SO ORDERED.**

[2] Zepeda asks the Court to take judicial notice of ten unpublished district court orders that he cites as persuasive authority in support of his MTR. [Doc. # 10-23 ("RJN").] The Court need not take judicial notice of the orders to read and consider the reasoning contained within them. The Court therefore **DENIES** Plaintiffs' RJN.

[3] As a result, the Court need not consider whether GM has met its burden to demonstrate the amount of attorneys' fees that are recoverable. *See* NOR at 5–6 (estimating Plaintiffs' attorneys' fees at $5,000); MTR 10–12.